IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

PAUL FIREMAN, individually, and d/b/a
PFP ASSOCIATES, PFP ASSOCIATES, LLC,
and PFP ASSOCIATES, INC.

    Plaintiff,

v.                                              CASE NO.: 9:10-CV-81564-DTKH

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    Defendant.
_____/

**DEFENDANT, TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA'S MOTION TO DISMISS COMPLAINT**

Defendant, Travelers Casualty & Surety Company of America ("Travelers"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b), hereby files this Motion to Dismiss, and in support thereof, Travelers states as follows:

1. On or about November 12, 2010, Plaintiffs, Paul Fireman, individually, and d/b/a PFP Associates, PFP Associates, LLC, and PFP Associates, Inc. (collectively "PFP Entities"), by and through Robert H. Friedman, Esq., filed a Complaint in the Circuit Court for Palm Beach County, Florida, Civil Case No. 50 2010CA 02818 4XXXX MB, styled <u>Paul Fireman, individually, and d/b/a  PFP Associates, PFP Associates, LLC, and PFP Associates, Inc., vs. Travelers Casualty and Surety Company of America.</u>

2. Travelers received the Notice of Service of Process on the Florida Department of Financial Services, on or about November 19, 2010.

3. On December 7, 2010, Travelers properly removed the complaint to the Southern District of Florida pursuant to 28 U.S.C. §1332, §1348, and §1441(a), because the matter in

1

controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

4. PFP Entities' Complaint is founded and governed exclusively upon the language of Policy Number 008-LB-104853047 ("Policy") attached to the Complaint as **Exhibit "A."**

5. The Policy includes several different coverage parts including, Liability Coverage ("Liability Policy") and Crime Coverage ("Crime Policy"). Each of these coverage parts are independent of one another and set forth unambiguously the duties and obligations of Travelers and its Insured(s) under the respective coverages.

6. In this matter, the PFP Entities have filed suit under the "fidelity bond coverage," which is the Crime Policy.

7. Based upon the clear, unambiguous and express language of the Crime Policy, the PFP Entities lack standing to bring a cause of action for breach of contract and reformation because none of the PFP Entities are insureds under the Crime Policy, which is a commercial crime policy/fidelity bond that does not provide any rights to third parties.

8. Specifically, the only "Named Insured or Insurance Representative" identified in ITEM 1 of the Declarations page of the Policy is Willowbend Development LLC. The Policy does contain an endorsement issued to Willowbend Development LLC to "Amend Insured Organization to Include Scheduled Entity(ies). However, as noted from the below referenced language from the Policy, the Endorsement **_only_** modified the Liability Policy's Terms and Conditions and did not amend or affect the scheduled entities for the Crime Policy. The language of the Endorsement is as follows:

> In consideration of the payment of the premium, Section II DEFINITIONS K. "Insured Organization" of the *Liability Coverage Terms and Conditions* is amended to include the following:

>Willowbend Capital LLC
>
>Willowbend Country Club Inc.
>
>PFP Associates, Inc.
>
>(Emphasis Added)

9.  Additionally, Section II(A)(1) of the Crime Policy states in pertinent part, "If the **Named Insured** consists of more than one entity, then the **Named Insured** will act for itself and for every other **Insured** for all purposes of this **Crime Policy**."  The Crime Policy contains a definition for "Named Insured" under Section III which states: "'Named Insured' means the entity named in ITEM 1 of the Declarations."

10.  Because the only "entity named in ITEM 1 of the Declarations" is Willowbend Development LLC, who is the Named Insured and not a party to this action, and the Named Insured is the only entity required to act for itself and for every other insured for all purposed of the Crime Policy, the Plaintiffs have no standing to bring an action for damages under the Crime Policy.  Without standing by the Plaintiffs, the Complaint must be dismissed.

11.  Furthermore even assuming arguendo that the PFP Entities do in fact have standing to bring a cause of action, which they do not, the PFP Entities must be required to join the first and only named insured under the Crime Policy, Willowbend Development, LLC.

12.  Plaintiffs seek to have the Crime Policy reformed to modify the duties and obligations of both Travelers and Willowbend Development who are the only two parties to that contract.  However, Plaintiffs failed to name Willowbend Development as a party to this action.

13.  Federal Rule of Civil Procedure 19 tracks the well established law on reformation in Florida has long held that "In suit to reform written instruments, all persons interested in subject-matter of litigation, whether there is legal or equitable interest, should be made parties,

3

so that court may settle all their rights at once and prevent necessity of multiplicity of suits." *Liverpool, London & Globe Ins. Co. v. City of Rockledge*, 121 So. 807 (Fla. 1929).

14. Here, Willowbend Development is the only Named Insured, the only party authorized to take any action under the terms of the Crime Policy, and has a clear legal and equitable interest in the subject-matter of this litigation. Yet, Willowbend Development is not a party to this action. Based upon clearly established law in Florida, and language of Rule 19, the PFP Entities must be required to name Willowbend Development LLC as a party to this action.

WHEREFORE, Defendant, Travelers Casualty and Surety Company of America respectfully requests that this Court grant the instant motion and enter an Order dismissing the Complaint with prejudice, or in the alternative requiring Plaintiff to name Willowbend Development LLC as a party plaintiff to this action, and for such other relief as this Court deems just and proper.

## MEMORANDUM OF LAW

### I. STANDARD ON MOTION TO DISMISS

On a motion to dismiss, the well-pled factual allegations of the complaint are generally accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Roberts v. Florida Power & Light Co.*, 146 F. 3d 1305, 1307 (11th Cir. 1998), cert. denied, 525 U.S. 1139 (1999). However, "[a]s a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Florida Water Management District v. Montalvo*, 84 F. 3d 402, 408, n.10 (11th Cir. 1996). In addition, to withstand a motion to dismiss, a complaint must allege "facts sufficiently setting forth the essential elements of [each] cause of action." *Elger v. Martin Memorial Health System, Inc.,* 6 F. Supp. 2d 1351, 1353 (S.D. Fla. 1998). Rule 8(a) (2) of the Federal Rules of Civil Procedure requires that a complaint provide "a

short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 78 S. Ct. 99 (1957)); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Id.* at 1964-65.

## II.  ARGUMENT

"Florida law has long followed the general rule that tort law principles do not control judicial construction of insurance contracts. Insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties." *Gulf Life Ins. Co. v. Nash*, 97 So.2d 4, 9-10 (Fla. 1957). An insurer has the same right as individuals to limit their liability and to impose such conditions as they wish upon their obligations, and courts are without right to add anything to their contracts, or to take anything therefrom. *Zipperer v. State Farm Mut. Auto. Ins. Co.*, 254 F.2d 853 (5th Cir. 1958). "[A] court should not rewrite a contract of insurance extending the coverage afforded beyond that plainly set forth in the insurance contract." *U.S. Fire Ins. Co. v. Morejon*, 338 So.2d 223, 225 (Fla. 3d DCA 1976).

The scope and intent of insurance coverage is defined by the language in terms of an insurance policy, and when the language is plain and unambiguous the contract must be enforce as written. *Fabricant v. Kemper Independence Ins. Co.*, 474 F. Supp. 2d 1328 (S.D. Fla. 2007); *Garcia v. Federal Ins. Co.*, 969 So.2d 288 (Fla. 2007). Fidelity policies are no different. Coverage under "a fidelity bond cannot be extended by implication, or enlarged by construction

beyond the actual terms of the agreement entered into by the parties." *FDIC v. Aetna Cas. & Sur. Co.*, 426 F.2d 729, 736 (5th Cir. 1970).

Applying these principles and the insurance contracts, the complaint should be dismissed because the PFP Entities do not have standing to seek recovery from Travelers under the Crime Policy.

### A. **PLAINTIFFS DO NOT HAVE STANDING TO RECOVER UNDER THE CRIME POLICY**

The Complaint generally alleges that the Plaintiffs are entitled to recover under the terms of the Crime Policy based upon the theft committed by Arnold Mullen.  Specifically, PFP Entities allege as follows:

> Plaintiffs paid a substantial premium to purchase from Defendant Policy Number 008-LB-1048530447 (the "Insurance Policy") providing fidelity bond coverage to Plaintiffs.  A copy of the Insurance Policy that Plaintiffs have in their possession is attached hereto and marked as Exhibit "A"

(Complaint, Pg. 2, ¶ 1)

Although the PFP Entities allege in paragraph 1 of the complaint that the Crime Policy provided "fidelity bond coverage to Plaintiffs," even a cursory review of the Policy attached to the Complaint reveals otherwise.  Specifically, Paul Fireman individually or d/b/a PFP Associates, and PFP Associates LLC are not identified anywhere in the Policy, and PFP Associates, Inc. is only named as an insured under the Liability Policy by way of the Endorsement to the Liability Policy.  "In the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), the exhibit prevails." *U.S. v. Rothstein*, 2010 WL 2813454, 3 (S.D. Fla. 2010).  Therefore, based upon the unambiguous language of the Policy attached as an exhibit by the PFP Entities, it is clear that none of the Plaintiffs are insureds under the Crime Policy.

6

The next pertinent allegation of the Complaint filed by the PFP Entities states:

Over the course of several years, Arnold Mullen, a joint employee of several of the plaintiffs, as well as of the named insured under the Insurance Policy, Willowbend Development LLC, embezzled and otherwise stole tens of millions of dollars from plaintiffs.

(Complaint, Pg. 3, ¶ 4)

Essentially, what the PFP Entities allege is that they are entitled to recover under the Crime Policy because Arnold Mullen stole money from the Plaintiffs while jointly employed by Willowbend Development LLC.  In other words, the PFP Entities seek to recover under the terms of the Crime Policy as a third party because Mr. Mullen was jointly employed by the Named Insured, Willowbend Development.  However, there are no third party beneficiary rights under a fidelity bond such as the Crime Policy at issue here.

The law is clear that the Crime Policy, as a fidelity bond, is not a liability policy that provides coverage to satisfy third party claims. "The insurance policies here involved are fidelity blanket bonds, not liability insurance policies." *Drexel* v. *Vigilant*, 595 N.Y.S.2d 999, 1007 (N.Y. App. Div. 1993). "The difference turns on what is defined as the risk. [Liability] insurance covers the liability of the insureds to a third party, while fidelity bonds cover the loss of property owned by the insureds or held by the insureds, as a consequence of employee dishonesty." *Aetna*, 676 N.Y.S.2d at 566; *City of Burlington v. Western Surety*,; *Lynch*, 140 F.3d at 629; *ITT Hartford v. Pawson*, No. CV 940361910S, 1997 WL 345345 (Conn. Super. Ct., June 16, 1997).

This distinction has also been recognized by other courts.  For example, in *City of Burlington,* 599 N.W.2d 469 (Iowa 1999) the insured lost the master key to school buildings. After the insured replaced the locks, it sought recovery under a public employees blanket bond. Affirming summary judgment in favor of the insurer, the court recognized the distinction between a fidelity bond and a liability policy: [a] fidelity bond must be distinguished from a

7

liability policy . . . [The insured's] potential liability for the [third party's] expenses or damages merely caused an *indirect* loss to the [the insured]. . . To interpret the fidelity bond as covering this indirect loss would be to convert the bond into a policy of liability insurance. Such was clearly not the intent of the parties as evidenced by the absence of any language indicating that the policy's coverage encompassed the City's liability to third persons." *Id.* at 472-3; *Pawson*, 1997 WL 345345, at *2-3 ("[t]hat the insured may be liable to a third party for a loss of money resulting from employee dishonesty does not transform a policy covering the insured against a direct loss into one indemnifying against liability. . ."); *Kriegler v. Aetna Cas. & Sur. Co.*, 485 N.Y.S.2d 1017 (N.Y. App. Div. 1985) (fidelity bond "is not a liability policy").

As an indemnity policy, the Crime Policy was issued for the exclusive benefit of Willowbend Development LLC as the Named Insured. It does not provide rights to third parties. As such, the Fifth Circuit, applying Florida law has held that a third party does not have standing to pursue a claim under the Crime Policy. *American Empire Ins. Co.*, 408 F.2d at 77; *Everhart*, 627 F.2d at 690-91; *Gasslein*, 918 F. Supp. at 377.  In *American Empire*, a third party brought suit against a fidelity carrier on the theory that the insurer intended it to benefit from payment under the policy. Although the third party insisted that it was an intended third party beneficiary, the Fifth Circuit held that it did not have standing to pursue a claim because the third party was never named as additional insureds and never paid any premium to the Insurer for protection under the bond or applied to the insurer directly for fidelity insurance. The Fifth Circuit held, "We are of the firm view that [Insurer's] contract meant just exactly what it clearly said, that is, that it insured the named corporations and those corporations only, against the defalcations of their employees. We can find no support for the intervenors' contention that the District Court should rewrite the contract." *American Empire Ins. Co.*, 408 F.2d at 74, 77.

The United States District Court for the Middle District of Florida agreed in *Gasslein*. In that case, a customer obtained a judgment against a securities broker and thereafter sought recovery under the broker's fidelity bond. The insurer argued that because the bond is an indemnity policy, the plaintiff did not have standing to pursue that claim. The district court agreed, holding that the plaintiff "ha[d] no independent right to sue [the insurer] to recover on [the] fidelity bond." *Id.,* 918 F. Supp. at 377.8 These cases are not anomalies. Other courts have reached the same conclusion – even where the policy is issued pursuant to a statute and designed to protect the public. *RTC v. Moskowitz*, 845 F. Supp. 247 (D. N.J. 1994); *Thornsberry v. W. Sur.*, 738 F. Supp. 209 (E.D. Ky.1990); *Killingsworth v. United*, 623 So. 2d 1384 (La. App. 1993); *Texas v. Atl.*, 846 S.W.2d 580 (Tex. App. 1993); *First Dakota v. St. Paul*, 2 F.3d 801 (8th Cir. 1993); *Sch. Employees v. Nat'l Union*, 839 F. Supp. 1477 (D. Kan. 1993).

As in *American Empire* and its progeny, the Crime Policy does not insure PFP Entities or provide the PFP Entities a direct right of claim. To prevent such claims, the policy limits who may provide notice and who may submit a proof of loss and expressly states that only the "Named Insured" may do so. This requirement is intended to codify the principles recognized in *American Empire* and its progeny – namely, a third party may not pursue a claim under a fidelity policy. The Crime Policy was attached and incorporated into the Complaint filed by the PFP Entities. The Plaintiffs are bound by the clear and unambiguous language of the Crime Policy, which unequivocally establishes the fact that the PFP Entities lack standing to seek recovery under the Crime Policy.  Thus, pursuant to clearly established law and the express language of the Crime Policy, the PFP Entities' Complaint should be dismissed with prejudice.

## B. ALTERNATIVELY THE PFP ENTITIES MUST BE REQUIRED TO JOIN WILLOWBEND DEVELOPMENT LLC AS A PARTY

Count II of the Complaint is a claim for reformation of the Crime Policy to include the Plaintiffs as insureds. "The rule is well established in Florida that in a suit to reform a written instrument, all persons interested in the subject matter of the litigation, whether their interest be legal or equitable, should be made parties, so that the court may settle all rights at once thereby preventing a multiplicity of suits." *Bevis Construction Co. v. Grace*, 115 So. 2d 84, 85 (Fla. 1st DCA 1959) citing *Liverpool, London & Globe Ins. V. City of Rockledge*, 121 So. 807 (Fla. 1929); see also *Colony National Insurance Company v. Teaford Company, Inc.*, 2010 WL 4339369 (N.D. Ga. 2010).

Federal Rule of Civil Procedure 19(a) is consistent with the language of *Liverpool, London & Globe Ins.* and dictates the persons required to be joined if feasible. Specifically, Rule 19 states:

(1) A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Here, the language of the Crime Policy expressly states that Willowbend Development LLC is the only Named Insured which gives rise to a legal and/or equitable interest in this litigation involving the reformation of the Crime Policy. The inclusion of Willowbend is

necessary to avoid duplicative and potentially conflicting litigation over the same rights and obligations under the Crime Policy, and a failure to include Willowbend leaves both Willowbend and Travelers exposed to incurring double, multiple or otherwise inconsistent obligations. The inclusion of Willowbend Development LLC will not deprive the court of subject matter jurisdiction which is based upon diversity of citizenship.

Accordingly, if the Court determines that the PFP Entities have standing to maintain this action against Travelers, the PFP Entities must be required to join Willowbend Development LLC as an indispensable party to this action.

/s/ Kevin M. Mekler
James A. Black, Jr., Esq.
Florida Bar No. 150631
jblack@mpdlegal.com
Kevin M. Mekler, Esq.
Florida Bar No. 856711
kmekler@mpdlegal.com
100 N. Tampa Street, Suite 2010
Tampa, Florida 33602
Telephone: (813) 229-3500
Facsimile: (813) 229-3502
*Attorneys for Travelers Casualty and Surety Company of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 14, 2010 I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Kevin M. Mekler
Attorney

## SERVICE LIST

<u>Paul Fireman, individually, et al. v. Travelers Casualty and Surety Co. of America.</u>
CASE NO. 9:10-CV-81564-DTKH
United States District Court, Southern District of Florida

Robert H. Friedman
Florida Bar No.: 25994
GUNSTER, YOAKLEY & STEWART, P.A.
Phillips Point, East Tower
777 S. Flagler Drive, Suite 500
West Palm Beach FL 33401
Telephone: (561) 650-0761
Facsimile: (561) 671-2576
Email: rfriedman@gunster.com