UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81564--CIV-HURLEY/HOPKINS

PAUL FIREMAN, individually and
d/b/a PFP ASSOCIATES,
PFP ASSOCIATES, LLP and
PFP ASSOCIATES, INC.,
    Plaintiffs,

vs.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,
    Defendant.
_____/

**ORDER GRANTING DEFENDANT TRAVELERS CASUALTY & SURETY
CO. OF AMERICA'S MOTION TO DISMISS WITHOUT PREJUDICE
& DIRECTING JOINDER OF NAMED INSURED AS PARTY TO LITIGATION**

Plaintiffs Paul Fireman, individually, and Paul Fireman d/b/a PFP Associates, PFP Associates LLP and PFP Associates Inc. ("the PFP Entities") filed a claim under a fidelity bond, or "Crime Policy" ("the fidelity bond" or "the Crime Policy"), issued by Travelers Casualty and Surety Company of America ("Travelers") seeking to recover employee theft losses allegedly suffered by the PFP Entities. Travelers issued the bond to Willowbend Development LLC ("Willowbend"), the named insured, to cover losses caused by theft or forgery committed by Willowbend's employees.

According to the plaintiffs' complaint, the theft was committed by Arnold Mullen, who allegedly stole tens of millions of dollars from plaintiffs during the time he was jointly employed by Willowbend and the PFP Entities. After recovering some of the stolen money, plaintiffs filed a claim under the fidelity bond issued by Travelers seeking to recover the remaining loss.

Plaintiffs allege that they paid substantial premiums to purchase the bond from Travelers, but do not allege that any one or more of the named plaintiffs is an Insured by name or definition

under the Crime Policy. Further, plaintiffs do not make any allegations regarding the corporate relationship between Willowbend Development, LLC and any of the plaintiff PFP Entities.

Travelers denied the claim, and the PFP Entities filed this lawsuit for breach of contract and alternatively, for reformation of the fidelity bond to include the PFP Entities as Insureds in conformity with the parties' mutual intent.

The case is currently before the court upon Travelers' motion to dismiss for lack of standing, including a motion to compel joinder of Willowbend, the named insured, as a necessary party to the reformation claim [DE# 5]. For reasons discussed below, the court shall grant the motion with leave for plaintiff to file an amended complaint correcting the deficiencies outlined in this order.

## I. Standard of Review

In passing upon a Rule 12(b)(6) motion to dismiss, the court must accept all of the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Edwards v Prime, Inc.,* 602 F.3d 1276, 1291 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must include enough facts to state a plausible claim for relief. *Ashcroft v Iqbal*, 556 U.S. ----, ----, 129 S. Ct. 1937, 1950, 173 L. Ed.2d 868 ( 2009).

## II. Discussion

### A.  Standing of PFP Entities to Sue on the Contract

Travelers contends that the PFP Entities have no standing to sue on the contract between Travelers and Willowbend because the PFP entities are not insureds under that agreement and because that agreement does not create a liability insurance policy, i.e. it does not create rights enabling third persons to sue the insurer directly. *See e.g. American Empire Ins. Co. of South Dakota v Fidelity & Deposit Co. of Maryland,* 408 F.2d 72 (5th Cir. 1969)(fidelity bond is indemnity

2

insurance policy which insures only the named corporations against defalcation of their own employees); *Everhart v Drake Mgmt., Inc.*, 627 F.2d 686 (5th Cir. 1980)(Florida rule permitting third party beneficiaries to sue insurers directly on liability insurance contracts is not applicable to fidelity bond contracts where the parties, whose own losses are insured, are specifically defined); *Gasslein v National Union Fire Ins. Co. of Pittsburgh*, 918 F. Supp. 383 (M.D. Fla. 1995)(victim of securities fraud by insured could not directly sue insurer on fidelity bond). *See also BNY Midwest Trust Co. v National Union Fire Ins. Co. of Pittsburgh,* 213 Fed. Appx. 563 (9th Cir. 2006)(unpub)(indenture trustee which held security interest in fidelity bond issued to cover losses suffered by fraudulent actions of insured's employees lacked standing to sue insurer under fidelity bond).

Plaintiffs respond that they have standing to bring this claim because at least some of the PFP Entities named in this suit are subsidiaries of Willowbend, and therefore are insureds by definition under the Crime Policy, which defines "Insured" to include "the Named Insured, any Subsidiary, and any Sponsored Plan." [Crime Policy, Section III. CC. 2.] The term "Subsidiary," in turn, is defined at Section III. TT. of the Crime Policy to mean:

> 1. any corporation, or any limited company, organized under the laws of any state, in which, on or prior to the Inception Date set forth in ITEM 2 of the Declarations, you [1] own, directly or through one or more Subsidiaries, more than fifty percent (50%) of the outstanding securities or voting rights representing the right to vote for the election of, or to appoint such organization's board of directors, board of trustees, board of managers or a functional equivalent thereof, or to exercise a majority of control of the board of directors, board of trustees, board of managers or a functional equivalent thereof; or
>
> 2. subject to the provisions set forth in Section II. GENERAL AGREEMENTS D. ACQUISITIONS, any entity that you acquire or form during the Policy Period in which you own, directly or through one or more Subsidiaries, more than fifty percent

---

[1] The Crime Policy states that "the words 'you' and 'your' refer to 'the Insured.'

> (50%) of the outstanding securities or voting rights representing the right to vote for the election of, or to appoint such organization's board of directors, board of trustees, board of managers or a functional equivalent thereof, or to exercise a majority of control of the board of directors, board of trustees, board of managers or a functional equivalent thereof.
>
> Subsidiary shall not include any entity in which any Insured is engaged as a participant in any type of joint venture unless such entity is specifically scheduled as an additional Named insured by endorsement to this Crime Policy.

In response, Travelers argues, first, that the complaint does not allege that plaintiffs are insureds under the policy, either by name or definition. Moreover, the complaint does not contain any allegations illustrating any corporate relationship between plaintiffs and Willowbend which would support the conclusion that any one or more of the PFP Entities is a Willowbend "Subsidiary," and therefore meets the policy definition of an "Insured."

The court agrees, as a threshold item, that the complaint as pled contains insufficient factual allegations to establish the status of any one of the PFP Entities as an "Insured" by definition under the Crime Policy. The court shall accordingly dismiss the complaint for lack of standing under Fed. R. Civ. P. 12(b)(6), with leave for plaintiff to file amended complaint alleging their status as Insureds under the Crime Policy as well as Traveler's breach of distinct contractual duties owed to them as such under the Policy.

Travelers argues, next, that even if any one or more the PFP Entities is able to satisfactorily demonstrate its status as an "Insured," the PFP Entities inevitably lack standing to bring this claim because the policy requires, in the case of a "Joint Insured" --i.e. a Named Insured which "consists of more than one entity" – that the Named Insured "will act for itself and for every other Insured for

all purposes." [2] Essentially, Travelers argues that in order to have standing to sue, the plaintiffs must comply with a contractual limitation on pursuit of a claim or cause of action arising out of the Crime Policy. That is, even if the PFP Entities could establish their status as "Insureds," they still lack standing to sue for failure to comply with this express contractual limitation on standing set forth in their express agreement with Travelers.

This contention entails three distinct issues: (1) whether Willowbend, the Named Insured, "consists of more than one entity," including any one or more of the named plaintiffs in this action; (2) if yes, whether the Crime Policy creates a contractual limitation on standing which requires plaintiffs to join Willowbend as a party to this action for wrongful denial of insurance benefits, (3) whether plaintiffs have complied with such contractual limitation on standing.

The court is unable to resolve the first issue based on the allegations set forth in the current complaint. Plaintiffs shall therefore be required to replead their complaint to allege sufficient facts demonstrating either that this contractual limitation on standing has been met, or that it is inapplicable to these parties and these claims. At a minimum, plaintiffs shall be required to specifically allege the nature of any corporate relationship or ownership interest between each plaintiff and the Named Insured, Willowbend Development, LLC. If any plaintiff claims status as

---

[2] The Crime Policy provides at Section II. A.:

**II. GENERAL AGREEMENTS**

**A. JOINT INSURED**
1. If the Named Insured consists of more than one entity, then the Named Insured will act for itself and for every other Insured for all purposes of this Crime Policy. If the Named Insured consists of more than one entity and the first entity named in ITEM 1 of the Declarations ceases to be covered, then the next entity will act for itself and for every other Insured for all purposes of this Crime Policy.

a member of the limited liability company which is designated as the Named Insured, then plaintiffs shall be required to join Willowbend as a party plaintiff in order to satisfy the contractual standing limitation set forth at Section II. A. Although the policy does not specifically require joinder of the Named Insured when it "consists of more than one entity," and claim is made on behalf of a constituent entity, the court finds that the broad designation of the Named Insured as the entity which "will act for itself and for every other Insured for all purposes" as set forth in Section II. A. clearly contemplates and imposes this express limitation on standing to bring claim under the Policy.

On the other hand, if any plaintiff contests the applicability of Section II. A. as a limitation on its individual standing to sue, the amended complaint must allege specific facts demonstrating a basis for pursuit of its claim outside the express contractual restriction on standing imposed by this provision.

### 2. Failure to Join Necessary Party

Travelers also contends that Willowbend is a necessary party to the reformation claim whose joinder is required under Fed. R. Civ. P. 19.[3]

Federal Rule of Civ. P. 19(a) contains the "necessary party" test, which is comprised of two prongs. First, a party must be joined if "in that person's absence the court cannot accord complete relief among existing parties." Alternatively, a party must be joined if "that person claims an interest in the subject matter of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest,

---

[3] Rule 19 provides separate tests for determining whether a party is "necessary" and "indispensable." Both must be met before a suit may be dismissed for non-joinder of an absent party. In this case, Travelers contends only that Willowbend is a "necessary" party who must be joined under Rule 19(a); it does not argue that Willowbend is also an "indispensable" party whose non-joinder requires dismissal under Rule 19(b).

6

or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest." Fed. R. Civ. P. 19(a)(1).

In this case, Travelers contends that both prongs apply. First, it maintains that it cannot obtain complete relief without joinder of Willowbend because Willowbend will not be bound by any decision in this case, and Travelers may therefore be subjected to the potential of duplicative litigation over the same alleged loss if the action proceeds in the absence of Willowbend. Second, it contends that Willowbend's rights under the Policy may be compromised without an opportunity to be heard in this litigation. Although Travelers does not elaborate on the latter conclusion, the court finds that the second prong of the "necessary party" test is met and that Willowbend is therefore a "necessary party" under Rule 19.

First, a decision that any one or more of the PFP entities qualifies as an "Insured" by definition or name, or that the Crime Policy should be reformed in the manner requested by plaintiffs, clearly would affect Willowbend's interest in the policy, as it may allow the plaintiffs to pursue a claim against a limited insurance fund in which Willowbend itself may have an interest. The complaint alleges that the allegedly defalcating employee, Arnold Mullen, was a joint employee of plaintiffs and Willowbend. If Willowbend suffered loss arising out of the same alleged theft, its absence in this action could, as a practical matter, impair its ability to protect its interest in the policy proceeds by reducing the amount of insurance available to cover that loss. Also, if the policy is reformed or "corrected" in the manner requested by plaintiffs, the insertion of additional Insureds protected under the Policy potentially could impact the premiums which the Insureds are required to pay for the coverages thus afforded. *See e.g. American Casualty Co. of Reading, Pa. v Community Savings & Loan, Inc.*, 635 F. Supp. 539 (D. Md. 1986)(Maryland Deposit Insurance

Fund which was receiver of insured and which had a financial stake in rescission or reformation of D & O liability policy issued to insured was necessary party to insurer's action for reformation).

Second, the resolution of this controversy in the absence of Willowbend may subject Travelers to the risk of multiple or inconsistent obligations, as Willowbend would not be bound by any judgment entered in this action. It would be inefficient and unreasonable to require Travelers to defend a reformation action in which plaintiffs seek to correct the declaration page by adding new insureds allegedly omitted by mistake from the original policy, when any such action on the policy will not be binding upon Willowbend which would be free to contest the reformation in subsequent litigation.

For these reasons, the court concludes that Willowbend is a Rule 19(a) entity which should be joined as a necessary party to the reformation action. *See e.g. Angst v Royal Maccabees Life Insurance Co.,* 77 F.3d 701 (3d Cir. 1996)(receiver seeking to impose constructive trust on proceeds of two life insurance policies was necessary party in alternate beneficiary's action against insurer seeking payment of proceeds); *Morris v Franklin Fire Ins. Co of Philadelphia Pa.*, 130 F.2d 553 (9th Cir. 1942)(parties to insurance policy are indispensable parties to reformation action); *Stenhouse v Jacobson*, 193 F. Supp. 694, 696 (N.D. Cal. 1961)(named insured, who plaintiff alleged had no right, title or interest in proceeds of policy, held a necessary party to reformation action who could properly be joined as defendant rather than involuntary plaintiff). *See generally In re Torcise*, 116 F.3d 860 (11th Cr. 1997)(under Rule 19 all claimants to a fund must be joined to determine the disposition of that fund)*; Dawavendewa v Salt River Project Agr. Imp. and Power Dist.*, 276 F.3d 1150, 1156-57 (9th Cir. 2002)(a party to a contract is necessary, and if not susceptible to joinder, indispensable party to litigation seeking to decimate that contract); *Harris Trust and Savings Bank v Energy Assets*

*International Corp.*, 124 F.R.D. 115, 117 (E.D. La. 1989)(same). As neither party suggests any impediment to the joinder of Willowbend, the court shall order its joinder pursuant to Rule 19(a) and provide plaintiffs with an opportunity to accordingly amend their complaint.[4]

It is therefore **ORDERED AND ADJUDGED**:

1. The defendant's motion to dismiss the breach of contract claim (Count 1) for lack of standing is **GRANTED WITHOUT PREJUDICE** for plaintiff to file amended complaint alleging sufficient facts to demonstrate the status of each named plaintiff as an "Insured" under the Crime Policy, together with a party alignment and/or allegations of fact sufficient to establish either the satisfaction or inapplicability of the contractual limitation on standing set forth at Section II. A. of the Policy.

2. The defendant's motion to compel the joinder of Willowbend Development LLC, the Named Insured, as a necessary party to the reformation claim is **GRANTED**. Pursuant to Rule 19(a), Federal Rules of Civil Procedure, it is ordered that Willowbend Development, LLC be joined as a party plaintiff. If Willowbend refuses to join as such, plaintiffs shall name Willowbend as an involuntary plaintiff or defendant, as appropriate, pursuant to Rule 19(a), and promptly effect service of process upon it.

---

[4] In this diversity action, the complaint identifies the plaintiffs as a Florida resident, a Florida LLC and a Florida corporation, while the defendant is identified as a Connecticut corporation having a principal place of business in Hartford, Connecticut. According to the Declaration Page of the Crime Policy attached to plaintiffs' complaint, the Named Insured, Willowbend Development LLC, maintains a principal address in Mashpee, Massachusetts.

For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Rolling Greens MHP, L.P. v Comcast SCH Holdings L.L.C.,* 374 F.3d 1020 (11th Cir. 2004). Thus, unless it is made to appear that any one member of Willowbend Development LLC is a citizen of the State of Connecticut, it would not appear that the joinder of Willowbend as an involuntary plaintiff or nominal defendant would eliminate the court's diversity jurisdiction so as to trigger an "indispensable party" issue under Rule 19(b).

3. The plaintiffs' complaint is accordingly **DISMISSED WITHOUT PREJUDICE** for plaintiffs to file an amended complaint correcting the deficiencies outlined above within **TEN (10) DAYS** from the date of entry of this order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 24th day of February, 2011.

                                                                            _____
                                                                            Daniel T. K. Hurley
                                                                            United States District Judge

cc.
All counsel