UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81564-CIV-HURLEY/HOPKINS

PAUL FIREMAN, et al.,

     Plaintiffs,

vs.

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA,

     Defendant.

                                    /

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DISMISSING
PLAINTIFFS' SECOND AMENDED COMPLAINT WITHOUT PREJUDICE

THIS CAUSE is before the Court upon Defendant Travelers Casualty & Surety Company of

America's ("Travelers") motion to dismiss the amended complaint and request for judicial notice [DE

# 15]. For the reasons given below, the Court will deny the motion as it relates to the substantive defects

argued by Defendant.

However, in light of the parties' responses to the Court's show cause order issued September 7,

2011, Willowbend Development, LLC will be dismissed as a party to the action because it no longer

exists. For that reason, Plaintiffs are no longer in compliance with this Court's order directing joinder

of a named insured issued February 24, 2011. In that order, the Court directed Plaintiffs to file an

amended complaint with allegations sufficient to establish either the satisfaction or inapplicability of

Section II.A. of the insurance policy at issue, which requires a named insured to bring any action arising

under the policy in certain circumstances. In response, Plaintiffs filed an amended complaint adding

Willowbend Development, LLC, an entity the parties now agree does not exist. Therefore, the amended

complaint will be dismissed without prejudice to re-file naming Willowbend Golf Management Liberty,

LLC, Willowbend Development, LLC's successor in interest as a result of the merger between these two entities in July 2010, as a plaintiff.

Plaintiffs' continued failure to choose the correct entities to bring this complaint among the myriad of those brought to the Court's attention thus far notwithstanding, the Court will, in the interest of judicial economy,  proceed to address the substantive issues in the motion to dismiss so that they need not be reasserted if and when Plaintiffs submit their second amended complaint.

## JURISDICTION

This case was properly removed to federal court pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.  Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the case was removed to this Court from the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, which is located within the Southern District of Florida.

## BACKGROUND

PFP Associates LLC ("PFP LLC") and Willowbend Development, LLC ("Willowbend") are the remaining plaintiffs in this action to recover under a fidelity bond (the "Crime Policy" or "policy") issued by Travelers.  The losses occurred when Arnold Mullen**,** whom plaintiffs allege was a joint employee of Willowbend and PFP LLC, allegedly stole tens of millions of dollars from his employers. Plaintiffs contend that they were each covered under the policy.  To the extent that the policy did not cover each plaintiff, they argue that the policy, by inadvertence, scrivener's error, fraud, or mutual mistake, failed to conform to the contemplation of the parties and should be reformed.  Defendants, meanwhile, argue that the policy does not cover Plaintiffs' losses because a merger involving the named insured terminated Plaintiffs' rights under the policy, because Mullen was not employed by an insured party, and because an insured did not own, hold, or otherwise have liability for the property stolen.

Subsequent to the filing of the motion to dismiss, Plaintiffs voluntarily dismissed two of the

original parties to the amended complaint (PFP Associates, Inc. and Paul Fireman, individually and doing business as PFP Associates) from the action.  Therefore, the portions of the motion to dismiss addressed to these parties are moot.  Similarly, as discussed above, Willowbend no longer exists and must also be dismissed independent of Defendant's motion.  Thus, the only remaining party is PFP LLC. The Court notes that Defendant did not directly challenge whether PFP LLC was an insured party under the insurance policy.  Rather, Defendant objected to PFP LLC's claims on alternate bases (e.g., that PFP LLC did not incur the alleged losses, that PFP LLC's rights were extinguished by the merger which terminated the existence of the named insured, etc.).  However, for the sake of clarity the Court will note its finding that Plaintiffs have alleged facts sufficient to qualify PFP LLC as an insured party for the purposes of the instant motion.  The policy defines *insured* to include subsidiaries of the named insured at Section III.CC.2 and defines subsidiary to include, *inter alia*, limited liability companies owned by an insured on or prior to the policy's inception at Section III.TT.  PFP LLC qualifies because it was owned by Willowbend and was therefore its subsidiary at the time of the alleged losses.  The Court will address below Defendant's independent bases for excluding PFP LLC from coverage outlined in its motion to dismiss.

### DISCUSSION

#### A.    *Standard on Motion to Dismiss*

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggests relief is appropriate.  *Id.* at 556.  On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright*

*v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.        *Application to the Instant Motion*

Defendant contends that the complaint should be dismissed because the policy does not cover the loss incurred. Defendant bases this contention on three propositions: (1) The claims were relinquished or extinguished when Willowbend, the named insured, took part in a merger; (2) Mullen was not employed by an insured party; and (3) the money stolen was not owned by an insured party.

### 1. The Merger

In July 2010, Willowbend Development, LLC and Willowbend Golf Management Liberty, LLC ("Willowbend Golf") executed a statutory merger in which Willowbend Golf was the surviving party. This merger creates two related issues. First, Defendant argues that the merger constituted an impermissible transfer of rights under the policy in violation of Section V(A)(8), which prohibits the transfer of rights and duties under the policy without Defendant's written consent. In support of this argument, Defendant points to *Atlanta Gas Light Co. v. UGI Utilities, Inc.*, in which the court made the well-reasoned observation that "[t]he purpose of a non-assignment clause is to protect the insurer from *increased risk* by the non-consensual transfer of the policies to a party who is a stranger to the insurance contract." 2005 WL 5660476, at *17 (M.D. Fla. Mar. 22, 2005) (emphasis added). However, there is no danger to the insurer of increased exposure where, as in the instant case, the insured merely transfers the right to collect based on losses that predate the transfer.

Rather, Defendant's concern seems to be that it is "aggrieved because it now owes a contractual obligation to [a third party] rather than to [the original insured]," as in *In re Surfside Resort & Suites,*

*Inc.*, 344 B.R. 179, 190 (Bankr. M.D. Fla. 2006).  The court in *Surfside* gave little weight to this concern,

finding as a matter of "well-settled Florida law" that the assignment of a property interest in an insurance

claim is "completely permissible."  *Id.* at 191.

Defendant also directs the court's attention to *U.S. Fire Insurance Co. v. Freedom Village of Sun

City Center, Ltd.*, 279 Fed. Appx. 879 (11th Cir. 2008), in which a prohibition on the transfer of rights

and duties under an insurance policy similar to the one in the instant policy was at issue.  Defendant

asserts that in *Freedom Village* the court enforced the prohibition and held that the insured violated it

by assigning the claim to a third party without consent.  This is a misrepresentation of the court's

holding, which is more accurately represented by the following quote:  "The district court correctly

concluded that Freedom Village and Herold violated the terms of their insurance policy when they

settled the lawsuit brought by Mikes and Suncoast without the consent of U.S. Fire."  *Id.* at 881.  It was

not the *assignment* of the claim that was at issue but rather the *settlement*.  There is no settlement in the

instant case, and the Court therefore finds Defendant's reliance on *Freedom Village* inapposite.  This

reasoning applies with even more force where, as here, the right to collect under the policy was not

separately assigned but rather transferred automatically through a statutory merger.[1]  In light of the

general rule that acquiring entities in a merger succeed to all the rights and liabilities of the acquired

company, the Court has all the more reason to allow a successor company to assert a claim that accrued

prior to the merger.  *See, e.g.*, *SCA Disposal Servs. v. Cent. Nat'l Ins. Co.*, 1994 Mass. Super. LEXIS

616 (Mass. Super. Ct. 1994).  Accordingly, the Court finds that Willowbend's claims pursuant to the

policy, to the extent that any such claims exist, were not extinguished by the merger, nor did

Willowbend's merger extinguish the claims of its subsidiary, PFP LLC, that accrued prior to the merger.

---

[1]In its reply, Defendant states that "Willowbend Development's merger was not a statutory merger, but rather an asset purchase."  Def.'s Reply in Supp. Mot. Dismiss, at 10, DE # 19.  The Court cannot identify Defendant's support for this proposition and will continue to identify the transaction as "the merger," as both parties have done in their filings.

However, the merger does render Willowbend nonexistent, and it therefore must be dismissed. This brings up the second issue presented by the merger, which is that Plaintiffs are no longer in compliance with the Court's order issued on February 24, 2011. That order required Plaintiffs to add Willowbend to ensure that they would have standing to assert their claims under Section II.A of the policy. Now, to address the same concern, the Court will require Plaintiffs to add Willowbend's successor in interest, Willowbend Golf. The Court finds based on the same reasoning above that this will satisfy any issue of standing just as adding Willowbend would have but for the occurrence of the merger. Based on the same general rule regarding mergers stated above, Willowbend Golf succeeds Willowbend as the named insured for the purposes of bringing an action to enforce the insurance policy under Section II.A. *See id.* It would be inequitable to allow any viable claim PFP LLC may have under the policy to be rendered unenforceable merely because the named insured was merged out of existence at some point after the alleged losses occurred. Because Plaintiffs have represented that they have no objection to adding Willowbend Golf, the Court will require that it be added without expressly holding that PFP LLC's claim would be barred otherwise.

Hopeful that the foregoing will finally settle the convoluted and time-consuming party issues that have plagued this action from its inception, the Court now will carry on addressing the substantive issues raised by Defendant's motion to dismiss.

### 2. Mullen's Employment

Defendant next argues that Plaintiffs' action should be dismissed because allegations made by PFP LLC in a state court action seem to establish that Mullen was an employee solely of Paul Fireman doing business as PFP Associates. Defendant urges the Court to take judicial notice of these allegations pursuant to Federal Rule of Evidence 201 and thereby establish that the loss caused by Mullen is not covered by the policy. Plaintiffs respond that the state court allegations regarding Mullen's employment with Paul Fireman do not foreclose the possibility that Mullen was also an employee of PFP LLC or

Willowbend.  Plaintiffs further respond that a court cannot take judicial notice of allegations before another court to establish their truth.

It is well established that a court should not take judicial notice of the accuracy of factual allegations in documents of other courts.  *See, e.g.*, *U.S. v. Jones*, 29 F.3d 1459, 1553 (11th Cir. 1994); *Thompson v. Fla. Bar*, 526 F. Supp. 2d 1265, 1274 n.11 (S.D. Fla. 2007).  Rather, a court can only take judicial notice of state court allegations to establish that the allegations were made.  While the fact that Plaintiffs made certain allegations in another action may be evidence that those allegations are true, they do not establish the issue dispositively for the purpose of a motion to dismiss.  Likewise, that the state court allegations may have been much more detailed is not a basis for the Court to require a similar level factual support as Defendant requests so long as in the instant motion the plaintiffs have met the "exceedingly low" threshold required to survive a motion to dismiss.  *Ancata*, 769 F.2d at 703.  While not especially illuminating regarding Mullen's employment status, the allegations in the instant action at least "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that would plausibly suggest relief is appropriate.  *Twombly*, 550 U.S. at 556.  The extent of Mullen's crimes and the interrelatedness of the PFP entities suggest a reasonable probability that discovery will provide some evidence to support the allegation that he was employed by an insured entity during the relevant period.

### 3.  *Ownership of the Stolen Funds*

Based on the same reasoning as in section B.2. above, the ownership of the stolen funds cannot be conclusively established for the purposes of this motion to dismiss.  While the allegations in the state claim provide evidence that the stolen property was owned by Paul Fireman individually and therefore not covered by the policy, it would be inappropriate for the reasons stated above to allow these allegations to settle the issue in the instant case through judicial notice.  Again, the interrelatedness of the PFP entities, the extent of Mullen's defalcation, and the possibility of some underwriting error

entitling plaintiffs to reformation of the contract as alleged in the amended complaint give at least some plausible suggestion that relief may be appropriate.

## CONCLUSION

Based on the foregoing, the Court will deny Defendant's motion to dismiss with respect to PFP LLC. PFP LLC is an insured under the contract by virtue of its status as a subsidiary of Willowbend, which was the named insured under the policy, during the period when the losses allegedly occurred. Willowbend's subsequent merger does not extinguish any claims PFP LLC may have had prior to the merger. Because Willowbend no longer exists, however, it will be dismissed, and Plaintiffs will be required to re-file their complaint with Willowbend Golf as a party. Finally, because the Court has already dismissed Paul Fireman and PFP Associates, Inc., the portions of defendant's motion to dismiss urging dismissal of their claims are moot.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.      Defendant's motion to dismiss [DE # 15] is **DENIED** as to PFP LLC and **GRANTED** as to Willowbend.

2.      Plaintiffs' Amended Complaint is **DISMISSED** without prejudice to re-file with Willowbend Golf as a party.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 21st day of September, 2011.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*